UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY EQUIHUA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 10-0122-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On February 4, 2010, Mary Equihua ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for a period of disability and disability insurance benefits. The Commissioner filed an Answer on August 4, 2010. On November 2, 2010, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge. The matter is now ready for decision. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 59 year old female who alleges disability due to diabetes, osteoporosis, arthritic pain, history of surgery of carpal tunnel release, swelling in hands and knees, and depression (AR 97.) Plaintiff filed an application on November 7, 2006, alleging disability beginning October 15, 2006. (AR 8.)

Plaintiff's claim was denied initially and on reconsideration on March 23, 2007. (AR 8.) Plaintiff filed a timely request for hearing, which was held on August 12, 2008, in San Bernardino, California, before Administrative Law Judge ("ALJ") Mason D. Harrell Jr. (AR 8.) Plaintiff appeared and testified and was represented by counsel. (AR 8.) Also appearing and testifying were Stephen M. Berry, a vocational expert ("VE"), and Juan Equihua, the Claimant's husband. (AR 8.)

On September 22, 2008, the ALJ issued an unfavorable decision. (AR 8-16.) The Appeals Council denied Plaintiff's request for review on December 7, 2009. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that Plaintiff raises as grounds for reversal are as follows:

1. Whether the ALJ properly considered the treating physician's opinion..

2. Whether the ALJ posed a complete hypothetical question to the vocational expert.

3. Whether the ALJ properly assessed Plaintiff's capability of performing the jobs of medical receptionist and admitting clerk.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla' . . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed,

or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

      The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

**THE ALJ DECISION**

In this case, the ALJ at step one determined that Claimant has not engaged in substantial gainful activity since October 15, 2006, the alleged onset date. (AR 10.)

At step two, the ALJ found that Claimant has the medically determinable severe impairment of generalized arthritis. (AR 10.) The ALJ also found that Claimant has a depressive disorder with mild limitations in concentration, persistence and pace. (AR 10-11.) The ALJ concluded that Claimant's medical impairment was not severe, but reflected the limitation in his RFC. (AR 11.) At step three, the ALJ concluded that none of these limitations, severe or nonsevere, meets or equals a listed impairment. (AR 11.)

The ALJ assessed an RFC of sedentary work with these limitations: in an eight hour workday, Claimant can stand or walk for four hours and sit for four hours; she is precluded from forceful gripping, grasping and twisting, and from driving; and she can perform postural activities only occasionally. (AR 11.)

Based on the above RFC, the ALJ determined at step four that Plaintiff is unable to perform her past relevant work as a home attendant, child care worker, phlebotomist, and medical assistant. (AR 14.) Nonetheless, the ALJ concluded at step five that Plaintiff had acquired work skills from her medical assistant job that are transferable to other occupations with jobs that exist in the national economy, in particular the occupations of medical receptionist and admitting clerk. (AR 15-16.)

Hence, the ALJ determined that Claimant is not disabled within the meaning of the Social Security Act. (AR 16.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly considered the treating physician's opinion. The ALJ posed a proper hypothetical question to the VE. The ALJ properly determined at step five that Plaintiff could perform the jobs of medical receptionist and admitting clerk.

**I.    THE ALJ PROPERLY CONSIDERED THE TREATING PHYSICIAN'S OPINION**

Plaintiff first contends that the ALJ improperly objected to the opinion of the treating physician, Dr. Richard H. Gordinier, M.D., who opined greater limitations than the ALJ's RFC. The Court disagrees.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at

632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

On June 3, 2008, Dr. Gordinier completed a four page check box Diabetes Mellitus Residual Functional Capacity Assessment. (AR 279-82.) He diagnosed Plaintiff with arthritis, diabetes mellitus II, and depression. (AR 279.) He noted that Plaintiff had symptoms of fatigue, difficulty walking, swelling, muscle weakness, hot flashes, abdominal pain, extremity pain and numbness, loss of manual dexterity, diarrhea, frequent urination, sweating, difficulty concentrating, dizziness, and headaches. (AR 279.)

He opined that Plaintiff's symptoms would occasionally interfere with concentration needed to perform even simple work tasks. (AR 289.) He further opined that Claimant could sit or stand only an hour at a time (AR 280) and would need to take unscheduled breaks as often as every 15 to 30 minutes during a eight hour work day. (AR 281.) These are greater limitations than set forth in the ALJ's RFC.

The ALJ observed that Dr. Gordinier's assessment limited Plaintiff to "less than sedentary work without explanation for the basis of his conclusions." (AR 14.) The ALJ noted that Dr. Gordinier stated that clinical findings were not significant. (AR 14, 279.) The ALJ found that there were no laboratory or clinical findings to support Dr. Gordinier's conclusory opinion. (AR 14.) The ALJ limited Plaintiff to sedentary work based on the overall medical evidence, rejecting the more restricted RFC of Dr. Gordinier. (AR 14.)

These findings by the ALJ are specific, legitimate reasons based on substantial evidence for rejecting Dr. Gordinier's opinions. First, the ALJ is entitled to discount conclusory check box opinions that fail to explain the basis of those opinions or that are not well supported by laboratory and clinical evidence. Thomas, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, even a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings"); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (ALJ need not accept a medical opinion that is "conclusory and brief and unsupported by clinical findings"); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected check box opinions that did not contain any explanation of basis); Burkhart v. Bowen, 856 F.2d 1335, 1339 (9th Cir. 1998) (ALJ properly rejected medical opinion without test reports).

Second, the ALJ properly relied on the opinions of consulting examiner physician Dr. Jeff Altman and State agency physicians Dr. L. H. Naiman and Dr. A. W. Lizarras, all of whom found Plaintiff capable of medium level work. The contrary opinions of examining and non-examining physicians "serve as additional specific and legitimate reasons" for rejecting the opinions of a treating physician. Tonapetyan, 242 F.3d at 1149.

Plaintiff argues that, because the ALJ found Dr. Gordinier's opinion unsupported by treatment records, he had a duty to recontact Dr. Gordinier. This is not the law. The ALJ's duty to develop the record further is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001); Bayliss, 427 F.3d at 1217 (no duty to recontact where other evidence in record is adequate for ALJ to reach a disability determination). Here, the record is not ambiguous or incomplete. The ALJ properly relied on the opinions of Dr. Altman, Dr. Naiman and Dr. Lizarras which constitute substantial evidence that Plaintiff is not disabled.

## II. THE ALJ POSED A PROPER HYPOTHETICAL QUESTION TO THE VE

Plaintiff next argues that the ALJ failed to ask the VE a complete hypothetical question. Plaintiff contends that the ALJ erred by not including in his hypothetical question to the VE the limitations assessed by Dr. Gordinier that the ALJ rejected.

Plaintiff's argument has no merit. A hypothetical question posed to a VE must contain all of a claimant's limitations. Bayliss, 427 F.3d at 1217-18; Embrey v. Bowen, 849 F.2d 418, 423 (9th Cir. 1988). An ALJ, however, is not required to include limitations in his or her findings, and is "free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001). This is true "even where there is conflicting evidence." Magallanes v. Bowen, 881 F.2d 747, 757 (9th Cir. 1989).

The ALJ rejected Dr. Gordinier's opinions and RFC limitations for specific, legitimate reasons supported by substantial evidence. He was under no duty to include in his hypothetical question to the VE the limitations assessed by Dr. Gordinier, which the ALJ had rejected. The ALJ's hypothetical question was proper. There was no error.

## III. THE ALJ PROPERLY ASSESSED PLAINTIFF'S ABILITY TO PERFORM THE JOBS OF MEDICAL RECEPTIONIST AND ADMITTING CLERK

The ALJ had the burden at step five to demonstrate that Plaintiff could perform jobs that exist in substantial numbers in the national economy. The VE testified that Plaintiff could perform the jobs of medical receptionist and admitting clerk. The ALJ has an affirmative responsibility to ask whether a conflict exists between a VE's testimony and the Dictionary of Occupational Titles ("DICOT"), and if so to obtain a reasonable explanation for the conflict. SSR 00-4p; Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). The ALJ asked if there was any variance between the VE's testimony and DICOT job requirements. (AR 39.) The VE answered that her testimony was consistent with DICOT. (AR 39.)

The ALJ's RFC precludes Plaintiff from "forceful gripping, grasping, and twisting" of the hands. (AR 11, 12.) Claimant reported she had carpal tunnel surgery in 1999, which

she admits helped. (AR 12.) However, she testified at the hearing that it hurts to perform activities that require forceful gripping and twisting. (AR 26.)

Plaintiff contends that the ALJ's RFC precluding "forceful gripping, grasping and twisting" conflicts with the job requirements of the medical receptionist and admitting clerk. DICOT 237.367-038 and 205.362-050. Both jobs are considered sedentary work, but require exerting up to 10 pounds of force occasionally and/or "a negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body." Both jobs also require frequent handling. Plaintiff asserts that the admitting clerk "[m]ay give first aid." Plaintiff asserts that all these activities are inconsistent with the ALJ's limitation to "forceful" gripping, grasping and twisting, and that both the VE and the ALJ failed to explain the variance between DICOT and the job requirements for the two occupations, as required.

Plaintiff's contention has no merit. None of the activities identified by Plaintiff require "forceful gripping, grasping and twisting." The frequent pushing and pulling required for both jobs involves negligible force. Frequent handling is not the same as "forceful" handling. Plaintiff is trying to conflate the job requirements and the ALJ's RFC. Thus, there is no conflict that would require an explanation from the VE.

Additionally, Plaintiff speculates that "forceful" gripping, grasping and twisting is required by the admitting clerk position's first aid activity. Plaintiff's assertion is belied by the DICOT job specifications, which indicate only negligible force is required, and in any event, the medical receptionist occupation has no first aid requirement.

The ALJ did not err in concluding that Plaintiff could perform the jobs of medical receptionist and admitting clerk.

*///*
*///*
*///*
*///*

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissed the case with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 28, 2011  */s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE